2/16/2023 1:11 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72814818
By: Patricia Jones
Filed: 2/16/2023 1:11 AM

<div style="writing-mode: vertical-lr">Certified Document Number: 106587418 - Page 1 of 22</div>

Cause No. _____

| | | |
|---|---|---|
| Beverly Hurlock, individually, and<br>as next friend for C.H., a minor child | §<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiff* | §<br>§<br>§ | OF HARRIS COUNTY, TEXAS |
| Kenneth White, Jerry Pineda,<br>and the County of Harris, Texas | §<br>§<br>§ | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COME NOW Plaintiff, Beverly Hurlock individually, as next friend for C.H., a minor child ("Plaintiff"), files this Plaintiff's Original Petition against Defendants, in support of which would respectfully show the Court the following:

### DISCOVERY PERIOD

1.      This is a Level 3 Case pursuant to Tex. R. Civ. P. 190.1, 190.3.

### PARTIES & VENUE

2.      Plaintiff, Beverly Hurlock, individually, as next friend for C.H., a minor child, is a resident of Harris County, Texas.    Plaintiff and C.H. are relatives of Matthew Hurlock. At the time of his death, Matthew Hurlock was in good health.   Plaintiff, in the aforementioned capacities, brings this action on behalf of the surviving family and sole heirs at law of Matthew Hurlock, and as the only persons entitled to recover damages because of his wrongful death. TEX. CIV. PRAC. REM. CODE §§ 71.000 ET SEQ. and as applied through 42 U.S.C. § 1983 and § 1988. Plaintiff Beverly Hurlock is the mother of Matthew Hurlock, and C.H. is Matthew's minor son.

3.      Defendant Kenneth White is an individual residing in Harris County, Texas, who may be served at his principal place of residence or wherever he may be found.  The acts and

omissions complained of herein arise from the conduct of Defendant Kenneth White while he was acting under color of state law, and each act and omission was committed pursuant to Deputy Kenneth White's employment by Harris County through the Harris County Sheriff's Office.

4.     Defendant Jerry Pineda is an individual residing in Harris County, Texas, who may be served at his principal place of residence or wherever he may be found.  The acts and omissions complained of herein arise from the conduct of Defendant Jerry Pineda while he was acting under color of state law, and each act and omission was committed pursuant to Trainee Jerry Pineda's employment by Harris County through the Harris County Sheriff's Office.

5.     Defendant Harris County, Texas, is a county and governmental unit that can be served through Judge Lina Hidalgo at 1001 Preston, Suite 911, Houston, Texas, 77002. Defendant Harris County is organized and exists under the laws of the State of Texas.  At all relevant times, Defendant Harris County was a "person" within the meaning of § 1983.  At all relevant times, the individual Defendants Kenneth White and Jerry Pineda were acting within the course and scope of their employment with Defendant Harris County.  All actions by all Defendants were made under color of state law.  All actions that form the basis of this lawsuit were performed pursuant to policies and procedures, customs and/or practices of Defendant Harris County.  It is Defendant Harris County's responsibility and duty to promulgate, implement, train, and enforce policies and procedures prohibiting the use of excessive force in violation of minimum Constitutional and statutory requirements; to promulgate, implement, train and enforce policies and procedures prohibiting unlawful detentions, searches, seizures and/or arrests in violations of minimum Constitutional and statutory requirements; to appropriately hire, fire, discipline, train and supervise officers; and to not hire or retain officers with a known propensity for police misconduct.

6.     It is each Defendant's duty and responsibility to treat all persons, including decedent Matthew Hurlock and his family, in compliance with Defendant Harris County's rules, regulations, policies, procedures, customs and/or practices relating to the use of force, searches and seizures.  It is the duty and responsibility of the Defendants and Defendants' supervisors to promulgate and implement policies and procedures prohibiting unlawful searches and seizures conducted in an objectively unreasonable manner in violation of minimum Constitutional and statutory requirements.  It is further their duty and responsibility to not hire or retain officers with a known propensity for misconduct.  The individual Defendants are being sued in this lawsuit in both their individual and official capacities.

7.     Venue is proper in Harris County, Texas, in which all or part of the events giving rise to the cause of action occurred.

## JURISDICTION

8.     Jurisdiction over Plaintiffs' claims under the Texas Tort Claims Act is conferred by Tex. Civ. P. Rem. Code §§ 101.021, 101.025, 101.215, 101.102.   Defendant Harris County has waived immunity from suit under the provisions of the TTCA in that the injuries to Matthew Hurlock resulted from the use or misuse of tangible property, in that the firearm and bullets that caused or contributed to cause the injuries to Matthew Hurlock were the property of Defendant Harris County and were used/misused by the individual Defendants.  Defendant Harris County received actual and/or constructive notice of the claims asserted in accordance with the provisions of Tex. Civ. P. & Rem. Code § 101.101. This Court also has jurisdiction over Plaintiff's Constitutional claims for which redress is provided by 42 U.S.C. § 1983: "State as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983, which creates a remedy for violations of federal rights committed by persons action under color of state

law." *Howlett v. Rose*, 496 U.S. 365, 358 (1990).

## **FACTUAL BACKGROUND**

9.      This is an action for Constitutional violations and state law personal injuries resulting from the unreasonable search and seizure, personal injury, and/or wrongful death of Decedent Matthew Hurlock. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Decedent of his protected right to be free from unreasonable seizure and unreasonable use of force. U.S. Const. amends. IV, XIV.

10.     This case arises out of the tragic death of Matthew Hurlock ("Decedent" or "Matthew"), the 35-year-old son of Beverly Hurlock, whose death was the result of excessive and deadly force used by Harris County Sherriff's Office employees Deputy Kenneth White and Trainee Jerry Pineda (together, the "Individual Defendants").  White and Pineda arrived at the scene of a Timewise gas station located at 12899 Telge Road, Houston, Texas, in reference to a report of a man holding a knife, bleeding, "shirt is full of blood," "distraught," and unknown "if [he] stabbed himself or someone else did it."

11.     During an encounter and investigation, peace officers who commit tactical errors involving the use of excessive force often endanger themselves and other members of the community. For example, officers too often carelessly and/or accidentally fire their weapons, and as a result sometimes seriously injure suspects who were not a serious threat to officers and, further, place innocent bystanders at unwarranted risk of serious injury and death.  Furthermore, these actions often occur when peace officers fail to deescalate confrontations and instead engage in questionable and dangerous tactics, thereby placing themselves and others in grave danger as a result of the unnecessary use of force.  This was exactly the case in the current matter, and, as

explained below, it was the result of Defendant Harris County's rules, regulations, policies, procedures, customs and/or practices relating to the use of force, searches and seizures.

12.    On March 17, 2021, Matthew was standing outside of the Timewise gas station just before noon.  The videos clearly show that Hurlock was going through a manic/mental episode.  He was approached by Pineda and White at approximately 11:59 a.m.  At the time, Pineda was a cadet trainee at the Harris County Sheriff's Office, and White was his field training officer.

13.    They approached Matthew and asked him questions, but Matthew was unable to respond due to his state of mind.  White asked, "You got a knife on you?"  Matthew confusedly says, "Huh?"  The Individual Defendants then approached him and he began to walk away from them.  As they approached him, they again asked him if he had a knife.  Pineda told him to "put the knife on the ground."  White then told him to "put the knife on the ground."  Matthew, clearly still confused, responded, "Huh?"  White then stated, "Put your hands behind your back."  White then approached Matthew holding a taser.  Thinking the Individual Defendants were pointing guns at him, Matthew asked, "Y'all gonna shoot me?"  Alarmed, Matthew then ran away from the Individual Defendants and White yelled, "taser, taser, taser."  White attempted to tase Matthew.  Pineda then tased Matthew in the middle of the street, causing Matthew to fall to the ground screaming.  The Individual Defendants continued to ask Matthew to put his hands behind his back, but he was unable to do so because he was being tased, confused and scared.  Pineda continued to tase Matthew in the middle of the street while on top of him, and White went through Matthew's pants while Pineda is on top of Matthew.  Twelve seconds after noon, a knife could been seen on the ground to the right of Mathew and Pineda. At that time, White told Pineda to "Put your taser on him."  Just after noon, Deputy Juan Jacobo arrived to the encounter in the

middle of the street.  While White and Pineda were on top of Matthew; Jacobo grabbed Matthew's feet. Fearing for his life, Matthew grabbed the knife to defend himself, and Pineda, White and Jacobo all backed away from Matthew to a safe distance.  Pineda drew his weapon as he backed away from Matthew; White then also drew his weapon as he backed away.  Matthew attempted to move away from the officers to his left.  Jacobo was in front of him, Pineda to his right and White between Pineda and Jacobo.  As Matthew was moving away from the officers, Pineda and White shot Matthew in the back.  According to an autopsy, Matthew died as a "result of two gunshot wounds."  The bullets entered Matthew's right side (above his hip) and his back as he was turning away from the officers.

14.     White claims that Matthew was "getting up and going towards them," in plain contradiction to video evidence.  Jacobo claims that "he let go of the suspect's legs as he let go, he heard the shots fired," also contrary to video evidence.  When they shot Matthew in the back, none of the officers were in imminent risk of harm.  Matthew died from the gunshot wounds.

15.     Widely accepted policing standards regarding use of force, including that of the Houston Police Department ("HPD") and Harris County Sheriff's Office ("HCSO"), prohibit shooting a person in the back when the officers are not in imminent risk of harm, much less attempting to engage in hand to hand combat because it is extremely dangerous and can result in the unnecessary death of non-violent suspects.  It can also result in unintended death and injury to the general public caused by missing the target or a bullet moving through a suspect.

16.     Irrefutable clear video evidence demonstrates that the officers were not in imminent risk of harm when they shot Matthew.  They shot Matthew in the back as he was moving away.  Despite clear discrepancies between the officer's walkthrough statements and the videos, the department maintains that the shooting was in line with its policies and procedures.

Defendant HCSO's failure to adequately train and supervise its officers on the use of force in a constitutionally permissible way in light of the circumstances and recurring situations facing officers constitutes deliberate indifference, indifference that was a moving force behind the violations of Matthew's rights and the resulting loss of his life.  HCSO has a practice of systematically failing to discipline officers; thus, officers know there will be no consequences for their wrongful acts.  Further, Defendant HCSO allowed a cadet trainee Pineda to use lethal force while still in his probationary patrol period.  Lastly, Defendants were inadequately trained in dealing with individuals with mental illness, drug problems and/or manic episodes.  Individually, on behalf of the estate and on behalf of his minor son C.H., Matthew Hurlock's mother, Beverly Hurlock, brings suit under 42 U.S.C. § 1983 and pursuant to the Texas Tort Claims Act, Tex. Civ. Practice & Remedy Code §§ 71.002, 71.021, and Texas common law.  Defendants, while acting under of color of state law, deprived and/or violated Matthew Hurlock's rights under the Fourth and Fourteenth Amendments to the United States Constitution and violated the laws of the State of Texas.  This case is also brought pursuant to the Texas Civil Practice & Remedies Code §§ 101.001 et seq against Harris County for the negligence of Deputy White and trainee Pineda in the course and scope of their employment that proximately caused the death of Matthew Hurlock.

### FIRST CLAIM FOR RELIEF

### Unconstitutional Use of Excessive and Deadly Force 42 U.S.C. § 1983 violation of 4th Amendment by Defendant R. Felix

17.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.  Matthew Hurlock was entitled to be free from unreasonable search and seizure of his person by and pursuant to the parameters of the 4th and 14th

Amendments to the United States Constitution, and was also entitled to be safe and secure from undue and unreasonable excessive force. Defendants White and Pineda, officers acting in the course and scope of their employment with Harris County Sheriff's Office and under color of state law, unjustifiably shot and killed Matthew Hurlock under circumstances where no reasonable law enforcement officer would have done so.   Under established precedent on excessive deadly force, Officers White and Pineda are not entitled to qualified immunity or other immunity for their actions.

18.     The acts and omissions of Defendants White and Pineda violated Matthew Hurlock's protected rights and were an extreme and excessive seizure of his person unjustified by cause, were objectively unreasonable based on the totality of circumstances and violated the rights held by Matthew, to his life and the integrity of his person, those rights fully protected by the 4th and 14th Amendments to the United States Constitution. White and Pineda's conduct amounted to a seizure invoking the protections of the Fourth Amendment, as a seizure occurs when physical force or threat of physical force restrains the liberty of a suspect.   White and Pineda's use of force in the current matter violated the Fourth Amendment as it caused an injury, was excessive to the need, and its excessiveness was objectively unreasonable.  The use of deadly force is objectively unreasonable unless it is necessary to prevent a suspect's escape and the officer has probable cause to believe that a suspect poses a significant threat of death or serious physical injury to the officer or others.   There existed no objectively reasonable facts that would have supported the belief that Matthew presented an imminent danger to the officers or members of the public at the time he was shot in the back.    He was moving away from the officers. Defendants violated the requirements of the 4th and 14th Amendments and the rights held by Matthew, as they related to his life and integrity and the safety of his person, and amounted to

an unconstitutional use of force.

19.     The specific acts of White and Pineda that Plaintiff claims were objectively unreasonable and that resulted in and independently amounted to excessive force and/or unreasonable seizure in contravention of Matthew Hurlock's rights include but are not limited to:

- Unholstering and/or failing to secure their sidearms while initiating a close contact struggle.

- Firing their weapons while Matthew moved away from them, striking him in the back.

- Aggressively and dangerously drawing and pointing their weapons at Matthew Hurlock, especially in close proximity to the suspect and members of the public.

- Firing a weapon at Matthew's back.

- Shooting Matthew without any warning that deadly force would be used.

- Attempting to subdue Matthew Hurlock in an unsafe manner.

- Resorting to deadly force to apprehend a non-violent suspect rather than simply dealing with the suspect in a non-violent manner.

- Failing to use an objectively reasonable assessment of the facts when they decided to point their guns at Matthew and shoot him twice.

- Making a choice to unreasonably resort to deadly force, and this decision to use deadly force was not related in any way to a proper and conscious assessment of danger and was objectively unreasonable under the circumstances.

- Failing to use a degree of force less intrusive than the use of firearm and a choice that was objectively unreasonable under the circumstances.

- Failing to utilize an objectively reasonable assessment of the facts by brandishing a deadly weapon, threatening a non-violent suspect and firing at least twice into Matthew's side and back, even though White and Pineda had no indication that Matthew was dangerous, and Matthew did not present any objective danger to others or himself.  Matthew was moving away from the officers.  He was always trying to move away. He was scared and not in his right mind mentally.

20.     At the time they shot him, White and Pineda had no reason to believe that Matthew presented any danger to them or Jacobo or others and as a consequence the seizure was objectively unreasonable at the time, and it is clear that a reasonable law enforcement officer would understand that the deadly and unnecessary force used against Matthew Hurlock under these circumstances was unlawful.

21.     All of Defendants' conduct was well defined by law and each Defendant knew or reasonably should have known that their conduct was below the standard prescribed by law herein.

22.     As a result of the violations of the Constitutional Standards set forth herein, Matthew was treated inhumanely and incurred pain, injury and death when White and Pineda wrongfully resorted to the use of their firearms on Matthew.

23.     As a result of these Constitutional violations to Matthew and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this complaint entitled "Damages."

### SECOND CLAIM FOR RELIEF
### Failure to Supervise 42 U.S.C. 1983 Violation of 4th Amendment

24.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

25.     Matthew Hurlock was entitled to be free from unlawful seizure of his person pursuant to the provisions of the 4th and 14th Amendments to the United States Constitution, and was also entitled to be safe and secure from undue and unreasonable excessive force, and Defendant Harris County by way of its official policy makers, including Sheriff Ed Gonzalez, failed to properly train and supervise Defendants White, Pineda and other officers. This training and supervision was not adequate to ensure that its law enforcement officers responded appropriately to foreseeable situations, which they must deal with on a regular basis in light of their duties.

26.     White and Pineda's supervising officer, including Sheriff Ed Gonzalez, had a constitutional duty on behalf of their employer, Defendant Harris County, to supervise Defendants White and Pineda in order to protect Matthew from the acts and omissions by Defendants White and Pineda, which violated Matthew's constitutionally protected rights against excessive force, including but not limited to deadly force, and were objectively unreasonable based on the totality of the circumstances. There existed legally insufficient justification for White and Pineda's conduct and many of their actions violated widely accepted policing standards and jurisprudence affirming that the force used in this instance exceeded any countervailing governmental interest.   Defendants violated the requirements of the 4th Amendment and the rights held by Matthew, as they related to his life and the integrity and safety of his person and amounted to a failure to supervise in a manner to protect against an unconstitutional force.

**THIRD CLAIM FOR RELIEF**
***Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Harris County**
**Unlawful Policy by Acts of Official Policy Maker**

27.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

28.     The actions of White and Pineda alleged in this petition were endorsed and approved by the Defendant Harris County Sheriff's Office, Sheriff Ed Gonzalez and any supervising officer.   As a direct result of the policies, practices, customs and procedures, Matthew Hurlock was deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution.

29.     Sheriff Ed Gonzalez of the Harris County Sheriff's Officers of Harris County was an official policymaker and his actions in endorsing the illegal actions of his officers, including allowing and endorsing the use of deadly force against non-violent suspects, dangerous and imprudent policing tactics, and use of firearms in a dangerous manner under the circumstances herein, constitutes the official policy of Harris County.   The endorsement of the actions of subordinate staff creates and enforces an unconstitutional and illegal policy.

30.     The policy endorsed by the Defendant Harris County's Sheriff Ed Gonzalez, which includes allowing deadly force to be used under the circumstances herein violates the 4th and 14th Amendment protections held by Matthew and are unconstitutional per se.

31.     The Officers' use of objectively unreasonable and excessive force as set out above is in accordance with Defendant's policies, procedures, practices, and customs relating to the use of force, as evidenced by the lack of any disciplinary action against the Individual Defendants.

32.     At all material times, the individual agents and officers were following the policies, procedures, customs, and practices of and were acting under color of law.   Defendant Harris County's deficient customs, policies, procedures and practices relating to use of force amount to conscious disregard of and deliberate indifference to citizens' rights not to be

subjected to unlawful detention and/or excessive force. Further, the deficient customs, policies and/or practices are a direct and proximate cause of the unlawful detention and/or use of excessive force complained of herein.   As a direct result of the policies, practices and procedures of Harris County, Matthew Hurlock was purposefully deprived of his constitutional right to be free from unreasonable searches and seizures guaranteed to him by the Fourth Amendment to the United States Constitution.

33.     The official policy endorsed and created by the Harris County Sheriff Ed Gonzalez amounted to the Constitutional violations to Matthew and resulted in the injuries he incurred and his death.  Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages."

<div align="center">

**FOURTH CLAIM FOR RELIEF**
***Monell* Claim 42 U.S.C.  § 1983 4th and 14th Amendment Violations-Harris County Informal Custom and Policy**

</div>

34.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

35.     Harris County has an informal custom, practice or policy regarding the use of forces and deadly force.  The custom, practice or policy includes, but is not limited to:

- Allowing, encouraging, requiring and/or training officers to use the threat of deadly force and/or the use of deadly force when less intrusive and/or harmful measures were more appropriate

- Failing to properly supervise officers in their use of deadly force.

- Failing to properly investigate officers' use of deadly force.

- Failing to properly discipline officers in their improper use of force.

- Allowing cadet trainees to use deadly force.

Certified Document Number: 106587418 - Page 13 of 22

- Failing to properly train officers in dealing with suspects with mental illness, drug problems and/or manic episodes.

36.    As a direct cause and result of these constitutional violations by Harris County of Matthew's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages."

**FIFTH CLAIM FOR RELIEF**
***Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Harris County Unofficial Policy, Custom or Practice; Failure to Train**

37.    Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

38.    Harris County, by and through the Harris County Sheriff's Office and Defendant Sheriff Ed Gonzalez, has an inadequate policy for training officers to respond to the common and recurring situations they must deal with regularly. This inadequate training as alleged regards and includes, but is not limited to the following matters:

- The use of excessive and/or deadly force.

- The constitutional limits on seizures including but not limited to the use of force, deadly or otherwise.

- The tactical use of firearms in real life situations.

- The intermediate use of force.

- Defensive tactics, including but not limited to how to disengage and create space between an officer and the suspect before drawing a weapon.

- When and how to go hand to hand with a suspect.

- Proper and safe handling of firearms.

- Initial and ongoing critical training on defensive tactics, the use of force, and when it is appropriate to unholster a weapon.

- Safely dealing with recalcitrant suspects in close situations without killing or injuring the suspect and/or needlessly increasing the danger of serious injury to the officer and the public.

- Suspects on drugs or suspects with mental illness.

39.     White and Pineda's choices to use excessive force directly resulted from the inadequate training alleged, and such lackluster training amounted to deliberate indifference on the part of each of the Defendants. Incidents such as these are all too common in Harris County such that the fact that a substantial risk of serious harm existed was so obvious that constitutional violations such as those described were likely to result. In light of the specific duties faced by White and Pineda, and the common situations officers face patrolling the streets or encountering people with altered mental state, such as dealing with non-violent fleeing or otherwise non-compliant suspects, the lack of training in these areas was so obvious that the county's indifference may be reasonably inferred.

40.     As a direct cause and result of these Constitutional violations by Harris County of Matthew rights and the injures he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages."

**SIXTH CLAIM FOR RELIEF**
*Monell* **Claim 42 U.S.C.  § 1983 4th and 14th Amendment Violations-Harris County Unofficial Policy, Custom or Practice; Failure to Supervise**

41.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

42.     Harris County, by and through the Harris County Sheriff's Office and Ed

Gonzalez has an inadequate, improper and/or insufficient policy for supervising officers and/or inadequate supervision regarding the following areas of law enforcement that include but are not limited to:

- The use of excessive and/or deadly force.

- The constitutional limits on seizures including but not limited to the use of force, deadly or otherwise.

- The tactical use of firearms in real life situations.

- The intermediate use of force.

- Defensive tactics, including but not limited to how to disengage and create space between an officer and the suspect before drawing a weapon.

- When and how to go hand to hand with a suspect.

- Proper and safe handling of firearms.

- Initial and ongoing critical training on defensive tactics, the use of force, when it is appropriate to unholster a weapon.

- Safely dealing with recalcitrant suspects in close situations without killing or injuring the suspect and/or needlessly increasing the danger of serious injury to the officer and the public.

- Suspects on drugs or suspects with mental illness.

43.     Rather, Harris County, by and through its officers and other law enforcement agents, allows a custom or policy that favors the misuse of force.

44.     The Harris County Sheriff's Office policy of improper and inadequate supervision of officers in the use of force alleged resulted in the constitutional deprivations and damages alleged herein by Plaintiffs.

45.     The actions and/or omissions of the individual Defendant's supervisors including Officer Ed Gonzalez can be characterized as supervisory encouragement or acquiescence in the use of excessive force and/or gross negligence amounting to deliberate indifference to the rights of individuals not to be subjected to deprivation of their constitutional rights.  Such inadequate supervision was a direct and proximate cause of the death of Matthew Hurlock.

46.     As a direct cause and result of these constitutional violations by Harris County of Matthew Hurlock's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages."

### SEVENTH CLAIM FOR RELIEF
### _Monell_ Claim 42 U.S.C.  § 1983 4th and 14th Amendment Violations-Ratification

47.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

48.     Harris County, by and through the Harris County Sheriff's Office and Defendant Ed Gonzalez, ratified the conduct of its deputies and officers in that one or more authorized policymaker(s) for the county approved of the decisions of such deputies and the basis for them, thus making the county responsible for such conduct.

49.     As a direct cause and result of these Constitutional violations by Harris County of Matthew Hurlock's rights and the injuries he incurred and his death that resulted, Plaintiff seeks compensation set forth more specifically in the section of this complaint entitled "Damages."

### EIGHTH CLAIM FOR RELIEF
### Texas Law Claims-Survival, Wrongful Death

50.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

51.     Pursuant to the Tex. Civ. Prac. & Rem. Code §§71.002, 71.021, and the Texas Tort Claims Act, Defendant Harris County is liable for the actions of its employees acting in the course and scope of their employment, including its agents and officers, in the negligent actions toward Matthew Hurlock, in that their negligence causing Matthew Hurlock's injuries was carried out through the use of tangible property, including White and Pineda's service revolvers used to effect this improper seizure. White and Pineda were acting in the course and scope of their employment when they killed Matthew Hurlock with their duty weapons, and their misuse of the weapons was a contributing factor to his injuries and death.

52.     Plaintiff is entitled to recover damages against Harris County as a statutory wrongful death beneficiary for the wrongful death of Matthew Hurlock because Defendants caused Matthew's wrongful death by the Defendants' wrongful acts, neglect, carelessness, unskillfulness, or default.  Defendants are liable for Matthew Hurlock's wrongful death because: (1) the Defendants owed Plaintiffs and their decedent a duty (2) the Defendants breached that duty, and (3) the breach proximately resulted in damages. Plaintiff hereby sues for her actual damages, including but not limited to, the mental anguish and loss of companionship and society, pre-judgment interest and costs, all in excess of the minimum jurisdictional limits of this Court.

53.     Beverly Hurlock further asserts a survival claim against Harris County for the damages caused to Matthew Hurlock, including but not limited to the mental anguish suffered by Matthew as result of the Defendants' wrongful acts, funeral expenses, pre-judgment and post judgment interest as allowed by law and costs, all in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

54.     Defendants' actions and omissions related to this Petition were tortious,

Certified Document Number: 106587418 - Page 18 of 22

wrongful, objectively unreasonable, deliberately indifferent, negligent, grossly negligent, oppressive, malicious, reckless, and outrageously indifferent to a highly unreasonable risk of harm, consciously indifferent to Matthew's health, safety, and welfare, in reckless disregard of Matthew Hurlock's rights, and recklessly or callously indifferent to Matthew Hurlock's federally protected rights, and said actions and omissions directly and proximately caused Matthew Hurlock's injuries and death.

55.     Defendants are liable to Plaintiff for actual damages and compensatory damages, together with a statutory attorney's fee as authorized by 42 U.S.C. § 1988 and Plaintiff prays for judgment against Defendants for actual damages, compensatory damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief in an amount in excess of the minimum jurisdiction of this court, as well as for pre-judgment and post-judgment interest at the lawful rate and for such other relief as the Court deems just and proper.

56.      Defendants knowingly or recklessly endangered the life of Matthew Hurlock. All of these actions were done in conscious disregard for the safety and wellbeing of Matthew Hurlock and the public at large.

57.     This cause of action is brought to recover damages for the injuries sustained, including but not limited to the wrongful death of Decedent, and the damages Plaintiff suffered as a direct result of the deprivation of Matthew Hurlock's civil rights, and the damages that Plaintiff individually suffered, under the terms and provisions of the laws and statutes of the United States, and the state of Texas.

58.     Beverly Hurlock is entitled to recover damages against Defendant Harris County as a statutory wrongful death beneficiary for the wrongful death of Matthew Hurlock and hereby sues for her actual damages, including but not limited to mental anguish and loss of

companionship and society, pre-judgment and post-judgment interest and costs, all in excess of the minimum jurisdictional limits of this Court.

59.     C.H., Matthew's minor son, is entitled to recover damages against Defendant Harris County as a statutory wrongful death beneficiary for the wrongful death of Matthew Hurlock and hereby sues for his actual damages, including but not limited to mental anguish and loss of companionship and society, pre-judgment and post-judgment interest and costs, all in excess of the minimum jurisdictional limits of this Court.

60.     Beverly Hurlock asserts a survival claim against Harris County for the damages caused to Matthew Hurlock, including but not limited to the mental anguish suffered by Matthew Hurlock as a result of the Defendants' wrongful acts, funeral expenses, pre-judgment interest as allowed by law and costs, all in excess of the minimum jurisdictional limits of this Court.

61.     WHEREFORE, Plaintiff prays for judgment consistent with the allegations in this Petition against Defendants for actual damages, compensatory damages, statutory attorney's fees pursuant to 42 U.S.C. § 1988 for the civil rights counts in this Petition, punitive damages against the individual Defendants for the civil rights counts in this Petition, punitive damages for the Texas law claims, attorney fees, expert fees, all costs, expenses, appropriate equitable relief, for interest at the highest lawful rate, and for other relief as the Court deems just and proper.

## **LIABILTY**

62.     Defendants are jointly and severally liable.

## **DEMAND FOR JURY**

63.     Plaintiff respectfully requests a trial by jury.

## **REQUEST FOR DISCLOSURE**

64.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     Special damages according to proof;

2.     General damages according to proof;

3.     Punitive and exemplary damages according to proof;

4.     Costs of suit and reasonable attorney's fees;

5.     Prejudgment and post-judgment interest at the highest rate allowed by law; and

6.     Such other and further relief to which Plaintiff is justly entitled, both at law and in equity.

Respectfully Submitted,

LAW OFFICE OF MICHAEL A. TREVINO, PLLC

By: /s *Michael Trevino*
      Michael Trevino
State Bar No. 24070762
12012 Wickchester Ln., Suite 410
Houston, Texas 77079
Telephone:  713.795.8000
Facsimile:  877.234.4982
mtrevino@mtrevinolaw.com

FOMBY & FOMBY, LLC

Adam W. Fomby
State Bar No. 24083006

440 Louisiana Street Suite 900
Houston, Texas 77002
(281) 846–4229 Telephone
(888) 588–4925 Facsimile
adam@fombylaw.com
hfomby@fombylaw.com

BORUNDA, P.C.

Jorge Borunda
State Bar No. 24027205
Borunda, P.C.
2444 Times Blvd., Suite 270
Houston, TX 77005
jorge@borundapc.com

ATTORNEYS FOR PLAINTIFF



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 27, 2023

Certified Document Number:        106587418 Total Pages:  22

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**